IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **G & G CLOSED CIRCUIT EVENTS LLC**<br>2925 Green Valley Parkway Suite D<br>Henderson Nevada 89002<br><br>**Plaintiff,**<br><br>vs.<br><br>**FERRAH WALTON**<br>1188 Greenery Lane<br>Cincinnati, Ohio 45233<br><br>**ALLISON BALLARD**<br>526 York Street<br>Cincinnati, Ohio 45214<br><br>And<br><br>**VYBEZ LLC, dba Vybez Hookah Lounge**<br>7825 Reading Rd<br>Cincinnati Ohio 45237<br><br>**Defendants.** | **Case No.: 1:24-cv-00147**<br><br>**COMPLAINT** |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Ohio

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of Ohio because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Western Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Hamilton County and/or the United States District Court for the Southern District of Ohio has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, G & G Closed Circuit Events LLC at all relevant times mentioned was, a Nevada corporation with its principal place of business located at 2925 Green Valley Parkway Suite D, Henderson NV 89002.

7. Defendants FERRAH WALTON and ALLISON BALLARD at the relevant times were the principal owner, managing member and operator of Defendant, VYBEZ LLC and through that company operated the commercial establishment doing business as Vybez Hookah Lounge, which is or was operating at **7825 Reading Rd, Cincinnati Ohio 45237**.

8. Upon information and belief, Defendants FERRAH WALTON and ALLISON BALLARD are also the individuals specifically identified on the Ohio Department of Liquor License issued for Vybez Hookah Lounge, as a members, officers or directors.

9. Plaintiff is informed, believes, and alleges thereon that on April 22, 2023 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant FERRAH WALTON and ALLISON BALLARD had the right and ability to supervise the activities of those employees of Vybez Hookah Lounge, which included the unlawful interception of Plaintiff's *Program.*

10. Plaintiff is informed and believes, and alleges thereon that on April 22, 2023 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant FERRAH WALTON and ALLISON BALLARD as the individuals specifically identified on the liquor license for Vybez Hookah Lounge, and Defendant VYBEZ LLC as the corporate operator of Vybez Hookah Lounge all had the obligation to supervise the activities of Vybez Hookah Lounge, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

11. Plaintiff is informed and believes, and alleges thereon that on April 22, 2023 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant FERRAH WALTON, ALLISON BALLARD and/or VYBEZ LLC specifically directed the employees of Vybez Hookah Lounge to unlawfully intercept and broadcast Plaintiff's *Program* at Vybez Hookah Lounge or that the actions of the employees of Vybez Hookah Lounge are directly imputable to Defendants FERRAH WALTON, ALLISON BALLARD and VYBEZ LLC by virtue of their respective acknowledged responsibility for the actions of Vybez Hookah Lounge.

12. Plaintiff is informed and believes, and alleges thereon that on April 22, 2023, Defendant FERRAH WALTON and ALLISON BALLARD had an obvious and direct financial interest in the activities of Vybez Hookah Lounge's operations, which included the unlawful interception of Plaintiff's *Program.*

13. Plaintiff is informed and believes and alleges thereon that the unlawful broadcasts of Plaintiff's *Program*, as supervised and/or authorized by Defendants FERRAH WALTON, ALLISON BALLARD and VYBEZ LLC resulted in increased profits for Vybez Hookah Lounge.

14. Plaintiff is informed and believed and alleges thereon that Defendant FERRAH WALTON and ALLISON BALLARD as the individuals with dominion, control, oversight and management of the commercial establishment doing business as Vybez Hookah Lounge.

## COUNT I
### (Violation of Title 47 U.S.C. Section 605)

15. Plaintiff G & G Closed Circuit Events LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-14, inclusive, as though set forth herein at length.

16. Pursuant to contract, Plaintiff was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the GERVONTA DAVIS v RYAN GARCIA

CHAMPIONSHIP FIGHT PROGRAM on Saturday April 22, 2023 (herein after referred to as the "*Program*").

17. Pursuant to contract, Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Ohio by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

18. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

19. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Cincinnati, Ohio, as Plaintiff had the exclusive commercial broadcast rights to this event and the Defendants did not enter into any sublicensing agreements with Plaintiff. In addition to the *Program*, upon information and belief, Plaintiff also believes that the Defendants improperly intercepted, received, published, divulged and/or exhibited the Pay per View events known as DAVIS v GARCIA on January 7, 2023, BENAVIDEZ v PLANT on March 25, 2023, SPENCE V DAVIS on April 16, 2023 and the SPENCE v CRAWFORD o July 29, 2023n Saturday April 22, 2023 (hereinafter "*Additional Events*"). Plaintiff also held the exclusive broadcast rights for these as well.

20. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

21. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program and Additional Events* for which Plaintiff, had the distribution rights thereto).

22. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

23. By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff, has the private right of action pursuant to Title 47 U.S.C. Section 605.

24. As the result of the Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, is entitled to the following from each Defendant:

    (a)    Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i); and also

    (b)    Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (c)    the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

# COUNT II

### (Violation of Title 47 U.S.C. Section 553)

25. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* and *Additional Events* by the above-named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

27. By reason of the aforesaid mentioned conduct, the Defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

28. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff, has the private right of action pursuant to Title 47 U.S.C. Section 553.

29. As the result of the Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

    (b) Statutory damages for each willful violation in an amount up to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

    (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

    (b) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory and enhanced damages in the amount of $110,000.00 against the Defendants for each violation, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory and enhanced damages in the amount of $60,000.00 against the Defendants for each violation, and;
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

*/s/ Jeffrey L. Koberg*
**LAW OFFICES OF TIMOTHY M SULLIVAN**
Jeffrey L. Koberg (0047386)
Hunter E Seide (0100250)
18013 Cleveland Industrial Parkway 180
Cleveland, Ohio 44135
216-762-1700
jkoberg@tmslaw.net
Attorneys for Plaintiff
G & G Closed Circuit Events LLC